IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARKIN HOLMAN, *Independent Administrator of the Estate of Taymond Freeman*,

    Appellant,

    vs.

VILLAGE OF ALORTON,

    Appellee.

Case No. 13-cv-925-JPG
Appeal from Bankr. Case No. 05-30055

**MEMORANDUM AND ORDER**

This matter comes before the Court on appellant Larkin Holman's appeal of the bankruptcy court's order dated July 31, 2013, in which it denied Holman's motion to reopen appellee Village of Alorton's ("Alorton") Chapter 9 bankruptcy case. Holman brings this action in his capacity as the Independent Administrator of Taymond Freeman's estate. Holman filed his brief (Doc. 3). Alorton filed its brief (Doc. 4) to which Holman replied (Doc. 6). For the following reasons, the Court affirms the bankruptcy court's order.

1. **Facts**

On May 31, 1999, Thomas McGowan, an Alorton police officer, shot Taymond Freeman causing him permanent damage to his leg. McGowan's use of force was determined to be without cause, and Freeman obtained a judgment against McGowan on March 23, 2005, in the amount of $978,874.40. Alorton indemnified McGowan in this claim. George Ripplinger of Ripplinger & Zimmer, LLC, Holman's attorney in the instant appeal, represented Freeman in obtaining his judgment against McGowan.

Alorton subsequently filed a Chapter 9 bankruptcy in which Freeman was the largest creditor. The plan provided that Freeman would receive $600,000, payable in installments of $2,500.00 for

twenty years beginning five years after confirmation of the bankruptcy plan.  On December 14, 2006, the bankruptcy court confirmed the plan and entered an order closing the case.

Meanwhile, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, Stacey Goodlow obtained a default judgment of $346,000, plus statutory interest accruing at the rate of $31,176.00 per year, against Freeman.  *See Goodlow v. Freeman*, St. Clair County, Illinois, Case No. 06-L-531.  It appears the state court case arose from damages Goodlow suffered after Freeman beat her.  On July 23, 2007, pursuant to a citation to discover assets, the state court ordered Alorton to pay Goodlow the amounts it was to pay Freeman under the bankruptcy plan until Goodlow's state court judgment was satisfied.

This state court order would prevent Ripplinger from collecting his agreed upon attorney's fees in *Freeman v. McGowan*, the case in which Freeman obtained his $978,874.40 judgment.  Accordingly, on October 2, 2008, Ripplinger, on behalf of Freeman, filed a petition to vacate the default judgment in state court arguing that service on Freeman was defective.[1]  On January 14, 2009, the state court denied the petition to vacate, but altered the judgment as follows: (1) Alorton would pay Goodlow and her attorneys a maximum of $400,000; (2) Alorton would pay Ripplinger & Zimmer a maximum of $200,000; and (3) Alorton would pay 2/3 of its monthly payments to Goodlow and 1/3 to Ripplinger & Zimmer.  This state court judgment significantly reduced the amount of attorney's fees Ripplinger would receive from Alorton's plan payments.  As Ripplinger noted in the hearing on the motion to reopen, "[p]art of the reason we're here, quite frankly, is that [Ripplinger's] fifty percent contract was cut to thirty [percent]" by the state court.  Doc. 120, p. 7 in bankruptcy case.  Ripplinger did not receive a copy of the order altering the state court judgment until after the time to appeal had expired.

---

[1] The state court order refers to Ripplinger & Zimmer as a proposed intervenor.  Doc. 102-4 in bankruptcy case. However, any filings by Ripplinger & Zimmer in the state court case are not before this Court.

Freeman was murdered on March 12, 2009, and the state court appointed Holman, Freeman's father, as Independent Administrator of Freeman's estate. On July 9, 2013, Holman, represented by Ripplinger, filed a motion to re-open the bankruptcy case pursuant to 11 U.S.C. § 350, arguing the state court lacked jurisdiction to modify the bankruptcy court's order. Specifically, Holman contended the state court had altered the bankruptcy plan by ordering Alorton to make its monthly payments to Goodlow rather than directly to Freeman. On July 31, 2013, the bankruptcy court denied Holman's motion.

Holman now appeals the July 31, 2013, order of the bankruptcy court in which it denied his motion to reopen the bankruptcy. Holman argues the bankruptcy court abused its discretion when it found the state court had jurisdiction to modify the bankruptcy court's order. In response, Alorton argues that a contractual relationship arose between Alorton and Freeman, and the state court had jurisdiction to enter its order distributing Alorton's payments to Goodlow and Ripplinger & Zimmer. The Court will now consider whether the bankruptcy court's order denying Holman's motion to reopen was an abuse of discretion.

2.  **Analysis**

A bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010) (quoting *In re Zurn*, 290 F.3d 861, 864 (7th Cir. 2002) (The bankruptcy court may reopen a bankruptcy for "the correction of errors, amendments necessitated by unanticipated events that frustrate a plan's implementation, and the need to enforce the plan and discharge.")). "The decision to reopen a bankruptcy case is within the broad discretion of the bankruptcy court." *Redmond*, 624 F.3d at 798. In deciding whether to reopen a bankruptcy case, the court may consider the following factors: "(1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the

availability of nonbankruptcy courts, such as state courts, to entertain the claims." *Id*. The district court reviews a bankruptcy court's denial of a motion to reopen for abuse of discretion. *Id*.

The Court initially notes that approximately seven years have passed since Alorton's bankruptcy was closed. Further, Freeman and Ripplinger & Zimmer knew of the state court order directing Alorton to make payments directly to Goodlow for nearly five years before Holman moved the bankruptcy court to reopen the case.

Even if the bankruptcy court had reopened the case, Holman would not be entitled to relief. After confirmation of a plan, a contract, enforceable in state court, arises between the creditor and the debtor pursuant to the terms of the plan. *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 755 (7th Cir. 2002). Under Illinois state law, a judgment debtor may proceed against a third party when there is evidence that the third party possesses the judgment debtor's assets. 735 ILCS 5/2-1402(a); *Ericksen v. Rush Presbyterian St. Luke's Med. Ctr.*, 682 N.E.2d 79, 84 (Ill. App. Ct. 1997). The state court then has jurisdiction to order the third party to produce those assets in satisfaction of the state court judgment. *Id*.

That is what happened in this instance. Alorton, pursuant to the contractual relationship arising from the bankruptcy plan, possessed Freeman's assets. The state court ordered Alorton to produce those assets to satisfy Goodlow's judgment against Freeman. As Judge Meyers noted in the hearing on Holman's motion to reopen, the state court order did not alter the terms of the confirmation plan. Doc. 120, pp.14-15 in bankruptcy case. Alorton was making payments pursuant to the plan, and Freeman was receiving the credits for those payments. As Judge Meyers explained, "[t]he fact that the creditor is not actually receiving the cash is of no moment." *Id*. After state appellate relief was foreclosed, Holman actually sought an order from the bankruptcy court overruling the state court's decision so he may receive his agreed upon attorney's fees. The *Rooker-Feldman* doctrine, however, prohibits federal courts from exercising appellate jurisdiction over state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005);

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  Accordingly, Holman would not have been entitled to relief if the case had been reopened.

Finally, state courts were available to hear Holman's claim.  After the state court ordered Alorton to pay all funds to Goodlow, Freeman successfully motioned the state court to amend that order resulting in a portion of the payments ordered paid to Ripplinger & Zimmer.  Holman and Ripplinger & Zimmer thus gained some relief from the state court, just not the full relief they sought.  Relief was available from the state trial court's order in an Illinois appellate court.  Ripplinger & Zimmer, however, were not given notice of the state court order until after the time to appeal had expired.  The federal courts, however, do not provide a forum to hear claims upon the expiration of appellate deadlines in state courts.

Based on the aforementioned factors, the Court concludes that the bankruptcy court did not abuse its discretion when it denied Holman's motion to reopen the bankruptcy case.

3. **Conclusion**

For the foregoing reasons, the Court **AFFIRMS** the July 31, 2013 order of the bankruptcy court which denied Holman's motion to reopen the bankruptcy case.  The Court further **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 30, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT
DISTRICT COURT**
